(103 So. 187)

No. 26946.

STATE v. DUNSON.

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** &#9758;236(20)—**Liquor alleged to have been unlawfully transported need not be produced in court for analysis.**

To sustain conviction for unlawfully transporting liquor, it is not necessary that state produce liquor in court for analysis, particularly in absence of request therefor by defendant.

2. **Witnesses** &#9758;236(1) — **Prosecuting attorney's statement of date of alleged offense in examining witness held proper.**

Where two charges against defendant for same offense were pending at same time, it was proper for prosecuting attorney, in examining witness, to state date of offense involved.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Horace Dunson was convicted of unlawfully transporting intoxicating liquor, and he appeals. Affirmed.

Charles F. Crane and T. A. Snell, both of Shreveport, for appellant.

Percy Saint, Atty. Gen., L. C. Blanchard, Dist. Atty., of Shreveport, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of the offense of transporting intoxicating liquor for beverage purposes. He relies upon two bills of exception.

[1] The first complaint is that the liquor was not produced in court for analysis. The defendant did not ask that the liquor should be produced. From the bill of exceptions it appears that, when the evidence was introduced, and the case was about to be argued or submitted, the attorney for the defendant asked that the prosecution should be dismissed because the state had failed to produce any liquor in court for analysis. The judge says in his statement per curiam that the testimony showed that the liquor which the defendant had was corn whisky. The law does not require for the conviction of a person charged with manufacturing, selling, possessing or transporting intoxicating liquor for beverage purposes, that the liquor shall be introduced in evidence or produced in court.

[2] The second bill of exception was reserved to the court's overruling an objection, on the part of defendant's attorney, to the district attorney's stating the date of the alleged offense in examining a witness for the state. It appears from the bill of exceptions that there was another case against the defendant for a like offense, alleged to have been committed on another date. Therefore, the district attorney read the bill of information to the witness, giving him the date of the offense charged in this case, so that there would be no confusion of the two cases. It was quite proper for the district attorney to let the witness know the date of the offense that he was inquiring about.

The conviction and sentence are affirmed.